**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | | |
|---|---|---|
| Government Employees Insurance Company, | ) ) ) ) | Civil Action No. 3:19-Cv-01032-JMC |
| Plaintiff, | ) ) | **ORDER** |
| v. | ) ) | |
| Charles Adams And Ayana Chiles, | ) ) | |
| Defendants. | ) ) | |

This matter comes before the court on the consent of the parties, through their respective counsel, for an order granting Plaintiff the declaratory relief sought in its Complaint (ECF No. 1). The parties further move to correct the case caption to correct the spelling of the defendant "Anaya" Chiles's name to "Ayana" Chiles. Based upon the consent of the parties, the court hereby **GRANTS** the Consent Motion for Summary Judgement (ECF No. 26) as more particularly set forth below.

## I. FACTUAL BACKGROUND

The pertinent facts as set forth in the Complaint and as agreed upon by the parties for the purposes of this Order are as follows:

1.      Government Employees Insurance Company ("GEICO"), Plaintiff, instituted this action for declaratory judgment by Complaint filed April 8, 2019, pursuant to the *Federal Declaratory Judgment Act*, 28 U.S.C. § 2201 *et seq*., and Rule 57 of the Federal Rules of Civil Procedure.

2.     On November 1, 2016, Ayana Childs and Charles Adams ("Adams") were involved in a motor vehicle accident on US 21 in Richland County, South Carolina.

3.     At the time of the accident, Adams was operating a 2006 Toyota vehicle (the "Vehicle") owned by Congaree Taxi Leasing, LLC ("Congaree Taxi").

4.     In March 2013, Adams entered into an "Independent Contractor Lease Agreement" with Congaree under which he leased the Vehicle from Congaree for use in his business as a taxi driver. Under this agreement, the Vehicle was furnished and available for Adams's regular use.

5.     At the time of the accident, Adams was engaged in his occupation as a taxi driver and was transporting passengers for a fee.

6.     On or about June 21, 2018, Desi Chiles and Anaya Chiles, as guardians for Ayana Chiles, then a minor, instituted a personal injury action against Adams and Congaree in the Richland County Court of Common Pleas, Anaya Chiles et al. v. Congaree Taxi Leasing, LLC et al., No. 2018-CP-40-03250. Subsequently, Ayana Chiles reached the age of majority, and that state action was consolidated with a civil action captioned Charles Adams v. Ayana Deejah Chiles, C/A No. 2018-CP-40-03041, also pending in the Richland County Court of Common Pleas. In that consolidated state action, Ayana Chiles asserted a Counterclaim for personal injury against Adams (the "Underlying Counterclaim").

7.     At the time of the accident, Adams was a named insured under an automobile insurance policy (Policy No. 4450-33-47-29) issued by GEICO with effective dates of August 6, 2016 through February 6, 2017 and carrying bodily injury liability limits of $100,000.00 per person/$300,000.00 per accident (the "Policy").

8.     The Policy's was issued to Adams and Dora Adams, and the declarations page lists two insured automobiles: a 2013 Dodge Journey and a 1997 Chevrolet G10. The Vehicle is not listed on the declarations page as an insured vehicle under the Policy.

9.     The Policy, as amended, provides in pertinent part:

**SECTION I**
**Liability Coverages**

\* \* \*

**DEFINITIONS**

\* \* \*

5.     ***"Non-owned auto"*** means a ***private passenger***, ***farm*** or ***utility auto*** or ***trailer*** not owned by or furnished for the regular use of the [sic] either ***you*** or ***your relatives***, except a ***temporary substitute auto***. ***You*** or ***your relatives*** must be using the ***non-owned auto*** or ***trailer*** with the expressed or implied consent of its owner. A ***non-owned auto*** rented or leased for more than 30 days will be considered as furnished for regular use.

6.     ***"Owned auto"*** means:

    (a)     a vehicle described in this policy for which a premium charge is shown for these coverages;
    (b)     a ***trailer*** owned by ***you***;
    (c)     a ***private passenger***, ***farm*** or ***utility auto***, ownership of which ***you*** acquire during the policy period or for which ***you*** enter into a lease during the policy period for a term of six months or more, if:
        (i)     it replaces an ***owned auto*** as defined in (a) above; or
        (ii)     we insure all ***private passenger***, ***farm*** and ***utility autos*** owned or leased by ***you*** on the date of the acquisition, and ***you*** ask us to add it to the policy no more than 30 days later.
(d)     ***a temporary substitute auto***.

7.     ***"Private passenger auto"*** means the following types of motor vehicles owned by or leased under a long term contract by an individual or individuals:

    (a)     a motor vehicle of the private passenger type or station wagon type; or
    (b)     a ***utility auto***; or
    (c)     a motor home

which is not used in the occupation, profession or business of the **insured** other than farming or ranching.

* * *

9.     **"Temporary substitute auto"** means an automobile or **trailer**, not owned by **you**, temporarily used with permission of the owner. The vehicle must be used as a substitute for the **owned auto** or **trailer** when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction.

* * *

## LOSSES WE WILL PAY FOR YOU UNDER SECTION I

Under Section I, we will pay damages which an **insured** becomes legally obligated to pay because of:

1.     **bodily injury**, sustained by a person; and

2.     damage to or destruction of property;

arising out of the ownership, maintenance or use of the **owned auto** or a **non-owned auto**.

## II. DISCUSSION

The parties agree and consent that:

1.     The Vehicle which Adams was operating at the time of the accident in question was not an "owned auto," as defined by the Policy, because:

    a.     it was not a vehicle described in the Policy for which a premium was paid;

    b.     it was not a trailer owned by Adams;

    c.     it was not a private passenger auto which had been acquired or leased during the Policy period; or

    d.     it was not a temporary substitute auto, as the Vehicle was not a temporarily used, substitute for an insured auto which had been withdrawn from usage due to repair, breakdown, loss, or destruction.

2. The Vehicle which Adams was operating at the time of the accident in question was not a "non-owned auto," as defined by the Policy, because:

    a. the Vehicle was furnished or available to Adams for his regular use; and

    b. as the Vehicle had been leased by Adams since 2013, for more than 30 days prior to the accident, it is to be considered as having been furnished for Adams's regular use.

3. The Vehicle which Adams was operating at the time of the accident in question does not qualify as a "private passenger auto," as defined by the Policy, because:

    a. the Vehicle was owned by Congaree Taxi, an LLC and not an individual; and

    b. the Vehicle was used in Adams's occupation as a taxi driver.

4. Because the Vehicle was neither an "owned auto" nor a "non-owned auto" as those terms are defined, "**SECTION I - Liability Coverages**" of the Policy is inapplicable to claims arising out of the accident at issue. GEICO, therefore, has no duty to defend or indemnify Adams with respect to the Underlying Counterclaim or any other claims arising out of the accident at issue.

### III. CONCLUSION

Considering the foregoing and upon the consent of the parties, it is hereby declared and decreed pursuant to 28 U.S.C. § 2201 et seq. and Rule 57 of the Federal Rules of Civil Procedure that:

A. The case caption is hereby amended to reflect the correct spelling of defendant Ayana Chiles's name;

B. GEICO's request for declaratory relief is granted in full;

C.      GEICO has no duty to defend or indemnify Adams with respect to the Underlying Counterclaim and with respect to any liability claims arising out of the November 1, 2016 automobile accident at issue;

D.      The Clerk of Court is hereby directed to enter judgment in GEICO's favor;

E.      The parties are to bear their owns costs and fees; and

F.      This action is hereby dismissed.


**IT IS SO ORDERED.**


_J. Michelle Childs_

United States District Judge

December 10, 2019
Columbia, South Carolina